UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| B.D.V.S., ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 1:25-cv-01968-SEB-TAB |
| ) | |
| KERRY J. FORESTAL Sheriff, in his official ) | |
| capacity As Warden of Marion County Jail in ) | |
| Indianapolis, *et al.*, ) | |
| ) | |
| Respondents. ) | |

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

An immigration judge ordered in May 2025 that BDVS be removed from the United States. He has appealed that decision to the Board of Immigration Appeals, and his appeal remains pending. Although the immigration judge ordered that BDVS be released on bond during the pendency of his appeal, he remains detained at the Marion County Jail at the direction of U.S. Immigration and Customs Enforcement.

BDVS seeks a writ of habeas corpus declaring that his continued detention in spite of the bond order is unlawful and directing ICE to release him. For the following reasons, the petition is **granted**.

**I. Background**

BDVS is a citizen and native of Guatemala. Dkt. 14-3 at 2. He was apprehended entering the United States at the southern border in November 2018. Dkt. 1 ¶ 29. He was not detained or subjected to removal proceedings. Rather, he was released on his own recognizance. Dkt. 1-1.

BDVS has complied with the conditions of that order. Dkt. 1 ¶ 30. He also petitioned for asylum. *Id.* ¶ 31.

In May 2025, Immigration Judge Samia Naseem denied BDVS's asylum claim and ordered him removed from the United States. Dkt. 14-2 at 11–13. BDVS appealed that decision to the Board of Immigration Appeals, *id.* at 3–10, and the appeal remains pending.

On June 8, 2025, ICE took BDVS into custody and transferred him to the Marion County Jail. Dkt. 14-1 at 71. On August 22, Judge Naseem ordered that BDVS be released subject to a $1,500 bond. *Id.* at 30–32. On August 28, the Department of Homeland Security appealed the bond determination to the BIA. *Id.* at 1–29. In doing so, DHS invoked its own regulatory authority, 8 C.F.R. § 1003.19(i)(2), to stay his release on bond pending appeal. Dkts. 10-1, 10-2. Accordingly, BDVS remains detained. Both Judge Naseem's immigration court and the BIA are instruments of DOJ's Executive Office of Immigration Review. *See generally* 8 C.F.R. § 1003.0; 28 C.F.R. § 0.115 *et seq.*

BDVS filed his habeas petition on September 28. Dkt. 1. Two days later, DHS moved in the BIA for a discretionary stay of the bond order. Dkt. 14-4. That motion remains pending.

## II. Analysis

A federal court may issue a writ of habeas corpus when the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). BDVS argues that his continued detention despite Judge Naseem's bond order violates the Constitution and laws of the United States because DHS's application of the automatic stay conflicts with the governing statute.

This Court granted habeas relief based on the same argument only weeks ago in *Campos Leon v. Forestal*, No. 1:25-cv-01774-SEB-MJD, 2025 WL 2694763 (S.D. Ind. Sept. 22, 2025).

The respondents acknowledge that decision. Although they ask the Court to reach a different result, they do not offer intervening authority demonstrating that *Campos Leon* was wrongly decided. Moreover, the respondents attempt to distinguish this case from the facts of *Campos Leon* only by noting that they have moved for a discretionary stay in addition to invoking the regulatory automatic stay. Because that motion remains pending, it does not warrant a different outcome.

### A.     Mandatory Detention

The respondents argue first that BDVS was never eligible for bond because he is statutorily subject to mandatory detention. BDVS contends that his detention is governed by a different statutory provision authorizing bond.

The respondents rely on 8 U.S.C. § 1225(b)(2), which states in relevant part: "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding under" U.S.C. § 1229a. An "applicant for admission" is "[a]n alien present in the United States who has not been admitted or who arrives in the United States (whether or not at a designated port of arrival . . .)." 8 U.S.C. § 1225(a)(1).

BDVS argues that his detention is governed by 8 U.S.C. § 1226(a): "On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." After the alien is arrested and detained, the Attorney General "may continue to detain the arrested alien," or she "may release the alien" on bond or conditional parole. *Id.*

In *Campos Leon*, the Court observed that the petitioner was in fact arrested and detained pursuant to a warrant and reasoned that it was "impossible to understand" how he was not therefore subject to § 1226(a). 2025 WL 2584663 at *3. BDVS also was arrested pursuant to a warrant, dkt.

3

14-3 at 2, so the same reasoning applies. The respondents cite two district court decisions issued after *Campos Leon* that applied § 1225 instead of § 1226(a). Dkt. 14 at 3. But those decisions do not bind this Court. The respondents do not explain how they apply or why the Court should find them persuasive. And, at least one of them explicitly found that § 1226(a) did not control because the petitioner was not arrested pursuant to a warrant. *See Vargas Lopez v. Trump*, No. 8:25CV526, 2025 WL 2780351, at *6–7 (D. Neb. Sept. 30, 2025).

In short, the respondents have not offered a persuasive factual or legal basis for the Court to determine that BDVS is not an alien arrested pursuant to a warrant and therefore detained pursuant to § 1226(a). Their contention that BDVS's detention is mandatory fails.

**B.     Automatic Stay**

As in *Campos Leon*, the respondents contend that DHS has discretion under 8 C.F.R. § 1003.19(i)(2) to stay Judge Naseem's bond order on its own. And, like the petitioner in *Campos Leon*, BDVS argues at length that the DHS's application of the automatic stay exceeds its legal authority.

DHS derives its automatic stay from 8 C.F.R. § 1003.19(i)(2): "In any case in which DHS has determined that an alien should not be released or has set a bond of $10,000 or more, any order of the immigration judge authorizing release (on bond or otherwise) shall be stayed upon DHS's filing of a notice of intent to appeal the custody redetermination." If an immigration judge exercises her statutory authority to grant bond under 8 U.S.C. § 1226(a)(2), the regulation dictates that DHS may not only appeal that determination, but automatically stay the determination pending appeal.

Problematically, though, Congress did not grant DHS authority to determine whether bond should be granted. The statute grants that authority to the Attorney General, 8 U.S.C. § 1226(a)(2), who redelegated it to immigration judges like Judge Naseem. DOJ also created the automatic stay

4

regulation, 8 C.F.R. 1003.19(i)(2), and in doing so purports to redelegate some of its authority to determine whether an alien should be released on bond to DHS. *See* 71 FR 57873; 66 FR 54909.

"[W]hen a particular statute delegates authority to an agency consistent with constitutional limits, courts must respect the delegation, while ensuring that the agency acts within it." *Loper Bright Enterprises v. Raimondo*, 603 U.S. 369, 413 (2024). Relevant to this case, the statute governing bond determinations delegates authority to make the determinations to the Justice Department. An agent of that department—Judge Naseem—exercised her statutory authority to grant BDVS bond and authorize his release. He remains in custody not because Judge Naseem or the Attorney General have reconsidered that decision or even because the BIA has reconsidered it at DHS's urging. Rather, he remains in custody because another agency, DHS, refuses to honor the bond determination. And DHS's only source of authority for that refusal is a regulation promulgated by DOJ without Congress's approval. The automatic stay provision and BDVS's detention under that provision are lawful only if DOJ could lawfully delegate its authority over bond determinations to DHS.

"It is axiomatic that an administrative agency's power to promulgate legislative regulations is limited to the authority delegated by Congress." *Bowen v. Georgetown Univ. Hosp.*, 488 U.S. 204, 208 (1988). The Court is not aware of any statutory provision authorizing the Attorney General to delegate her authority over bond determinations, and the respondents do not cite any.

"The head of an Executive department or military department may prescribe regulations for the government of his department, the conduct of its employees, the distribution and performance of its business, and the custody, use, and preservation of its records, papers, and property." 5 U.S.C. § 301. And, "[i]n addition to the authority to delegate conferred by other law, the head of an agency may delegate" certain authorities "to subordinate officials." 5 U.S.C.

§ 302(b). The Court is not aware of any comparable statute or precedent authorizing the Attorney General or any other official to delegate authority conferred to it by Congress to a separate agency.

Congress set up a system for administrating the removal of certain aliens. If it wished for DHS to have unilateral authority in that process, Congress could have created that system. Instead, Congress designated DHS as the entity responsible for identifying and apprehending aliens to be removed, and it designated the Attorney General and her subordinates as the parties responsible for adjudicating contested removal proceedings. More specifically, it granted the Attorney General authority and discretion to determine that certain aliens may be released on bond during their proceedings. Congress did not authorize the Attorney General to further delegate that authority to DHS.

In *Campos Leon*, the Court held:

> In promulgating 8 C.F.R. 1003.19(i)(2), DOJ unlawfully empowered DHS to nullify decisions Congress specifically assigned to the attorney general. In availing itself of that regulation, DHS usurped authority Congress specifically assigned to a different agency. By invoking the regulation to negate Judge Billings' bond order, DHS has exceeded the parameters of its authority, and Mr. Campos Leon's detention is therefore contrary to the Constitution and Laws of the United States.

2025 WL 2594763 at *4.

The respondents offer no reason to reach a different conclusion here. In *Campos Leon*, the Court cited a mountain of precedents uniformly resolving that DHS cannot lawfully apply the automatic stay to detain an alien who has been granted bond or granting preliminary injunctive relief from such detention. *Id.* at *5. The respondents identify no contrary authority in this case, and they make no effort to distinguish the factual backdrops of this case and *Campos Leon*. Accordingly, the Court reaches the same conclusion: DHS's application of the automatic stay to detain BDVS in contravention of Judge Naseem's bond order is contrary to the Constitution and laws of the United States.

C.  **Discretionary Stay**

Finally, the respondents argue that DHS has lawful authority to detain BDVS in contravention of Judge Naseem's bond order because—notwithstanding any infirmities in the automatic stay—it has *asked* the BIA for a discretionary stay under 8 C.F.R. § 1003.19(i)(1). The regulation reads:

> The *Board of Immigration Appeals (Board) has the authority* to stay the order of an immigration judge redetermining the conditions of custody of an alien when the Department of Homeland Security appeals the custody decision or on its own motion. DHS is entitled to seek a discretionary stay (whether or not on an emergency basis) from the Board in connection with such an appeal at any time.

*Id.* (emphasis added).

The problem with the respondents' position should be obvious. The regulation gives the BIA authority to grant a discretionary stay. It has not done so. DHS has requested a stay, but the BIA has not granted it. The regulation does not authorize DHS to impose a stay unilaterally. If it did, the stay would be an exercise of DHS's power, not of the BIA's discretion. And, perhaps more pointedly, if the regulation authorized DHS to impose a stay with the act of filing a motion, it would be fundamentally the same as the automatic stay provision and collide with the same problems that render the automatic stay contrary to law.

### III. Conclusion

BDVS's petition for a writ of habeas corpus is **granted** insofar as the respondents will have **48 hours** to notify the Court that he has been released from detention consistent with Judge Naseem's bond order. The respondent's motion to dismiss the petition, dkt. [14], is **denied**.[1]

The **clerk is directed** to enter **final judgment**.

---

[1] The respondents styled their response to BDVS's petition as a "Return and Motion to Dismiss" Dkt. 14. It seeks dismissal of the petition only on the grounds that it fails on the merits. Such a motion is unnecessary. In any event, because BDVS's petition merits relief, the motion must be denied.

BDVS's unopposed motion for leave to proceed under a pseudonym, dkt. [7], is **granted**. If BDVS believes any filing on the docket is not adequately redacted or requires additional restrictions on access, BDVS must file an appropriate motion.

**IT IS SO ORDERED.**

Date: 10/8/2025

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Anthony W. Overholt
Frost Brown Todd LLP
aoverholt@fbtlaw.com

Karen Weinstock
Weinstock Immigration Lawyers
kweinstock@visa-pros.com

Shelese M. Woods
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
shelese.woods@usdoj.gov